# HOUSTON & TEXAS CENTRAL RAILWAY CO., vs S. P. SIMPSON.

### SUPREME COURT, AUSTIN TERM, 1883.

*Responsibility of a child,* as to being a tresspasser, not fixed by law at any age; and such a question is for the jury.

*Due care on part of the company,* also to be determined by the jury.

Appeal from Grayson County.

*R. DeArmand,* for appellants.

*F. J. Brown* R. C. Foster, for appellee.

Opinion by Stayton, J.

After the court had instructed the jury as to the degree of the case requisite in a child, the following instruction was given. "If you believe from the evidence that the plaintiff, S. P. Simpson, had intelligence enough to know and appreciate the peril of getting on the defendent's turn-table, in the manner the evidence shows he did. Or if you believe he was warned by the defendent's employee not to get on said table, and that it was dangerous to do so, and said Simpson understood and appreciated such warning, but did nevertheless get on said turn-table and was thereby the direct cause of his injury, you will find for defendent." This charge is assigned as error, it certainly was not eroneous. After which the defendent asked the following instructions, which the court refused : "If you believe that plaintiff was attracted to the spot where the turn-table was located by the turning of an engine thereon by defendent's employees, and immediately upon the engine leaving the table, began to handle and attempt to ride on the table, and receive injury, and by means and in the manner which he had intelligence to know could be done at the time of the injury, then he cannot recover." Instruction No. 2 asked by the defendent is as follows :

"If you believe from the evidence that plaintiff, when he moved the turn-table and started to jump on, knew that if he got his limbs caught between the end of the beam of the turn-table and the wall of the pit in which it revolved, that it would be crushed, and that his foot slipped and his limb got caught in this way, then plaintiff was guilty of an act contributing to his injury and he cannot recover, al-

though defendents may have also been guilty of negligence in leav-ing the table unfastened."

It was not error to refuse the first instruction asked, for it was not justified by the evidence, for while the evidence does show that the turn-table had been used for the purpose of turning an engine but a short time before the injury was inflicted, it did not show that such use was so recent that the employees of the defendent had not had ample time to fasten it. The charge itself was confused, and so far as proper had been substantially given in the charge of the court.

As to the second instruction asked, the same may be said of that; and besides, although the child might have known that if its limb was caught in the designated place that it would probably be injur-ed, the charge excluded the idea that the absence of knowledge, or intelligence to know and understand the peril of the limb being so caught was a material inquiry.

The third instruction asked and refused was substantially contain-ed in the charge by the court.

The fourth instruction asked was not justified by the facts in proof, and besides, it was objectionable in that it would have informed the jury that leaving the turn-table unfastened in a place where children by its use might be injured, under the state of facts supposed in the instruction, was not negligence in the defendent. The question of due care was for the jury under all the facts, and the case stated in the instruction, was not such as would have authorized the court as matter of law, to instruct the jury that there was no negligence upon the part of the defendent in keeping its turn-table unfastened when not in actual use.

The fifth charge asked and refused had been substantially given by the court, and it was not error to refuse to repeat it.

The sixth instruction was as follows: "If you believe from the evidence that plaintiff was ten years old and of fair average intelli-gence for his age and that he went upon defendent's premises with-out its permission or invitation, and in moving defendent's turn-table and attempting to jump thereon, received an injury, then plaintiff was tresspassing and could not recover for such injuries."

The court did not error in refusing to give this instruction. The law fixes no certain age at which children are of sufficient intelligence to have impressed upon them the full degree of care incumbent up-

on one of mature age, and in every case the question of intelligence of a child is one for a jury.

R. R. Co., vs. Strut, 17, Wallace; 664, Thompson on negligence, 1181, 1182.

It appears that the turn-table was unenclosed, and near a pond to which boys were accustomed to go for the purpose of fishing. The entry upon such a place was not a trespass in a child which would deprive it of the right to recover for an injury resulting from the attempted use of a dangerous machine to which children would be attracted for sport or pastime, for it is the duty of every person to use due care to prevent injuries to such persons, even from dangerous machinery upon the premises of the owner, if its character be such as to attract children to it for amusement.

The evidence is conflicting as to whether or not an employee of the defendent warned the plaintiff and other boys who were moving the turn-table after the locomotive passed from it that it was dangerour; but it does not appear that the employee knew that they were playing with the turn-table, and that he took no steps to fasten it that they could not use it. The tu-n-table had no fastenings whatever, and though almost constantly in use, there were times when it was not in use, and besides it appears that boys were accustomed to use it at times when employees of the company were present.

The plaintiff himself it seems had played upon the turn-table upon former occasions.

Under such state of facts it was for the jury to determine whether the plaintiff used such care as is required of one of his age. This question was fairly submitted to the jury, and though some of the charges asked by the defendent were proper as the matters covered by them were substantially embraced in the charge given, it cannot be held that the failure to give them was such error as would justify a reversal of the judgement.

It is admitted that the damages are not so excessive as to justify a reversal, and the judgement must be and is affirmed.